HAWAII SUPREME COURT

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation,<br><br>    Defendant. | CERTIFIED QUESTION TO THE HAWAII SUPREME COURT FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII IN CIVIL NO. 13-00361 HG-BMK |

**CERTIFIED QUESTION TO THE HAWAII SUPREME COURT
FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
HAWAII IN CIVIL NO. 13-00361 HG-BMK**

**INTRODUCTION**

Plaintiff St. Paul Fire and Marine Insurance Company, an excess insurer, filed suit against Defendant Liberty Mutual Insurance Company, a primary insurer, for claims arising from a wrongful death action against the Parties' mutual insured. The wrongful death action proceeded to trial, resulting in a finding of liability against the mutual insured, and a verdict of $4.1 million. After verdict, the action was settled for an amount in excess of the $1 million primary insurance policy

limit issued by Defendant. Plaintiff paid the amount in excess.

Plaintiff alleges that Defendant acted in bad faith by rejecting settlement offers within the limits of the its primary insurance policy. Plaintiff seeks to recover, pursuant to the doctrine of equitable subrogation, the amount of the settlement payment made by Plaintiff, and related costs and fees.

Defendant filed a Motion for Judgment on the Pleadings. The Motion raises the issue of whether an excess liability insurer may bring a cause of action, pursuant to the doctrine of equitable subrogation to the rights of the insured, against a primary liability insurer for failure to settle a claim against the mutual insured within the limits of the primary liability policy, when the primary insurer has paid its policy limit toward settlement. The Court certifies this question to the Hawaii Supreme Court for its consideration, as it presents an unresolved question of Hawaii State law.

**PROCEDURAL HISTORY**

On June 10, 2013, Plaintiff St. Paul Fire and Marine Insurance Company filed suit against Defendant Liberty Mutual Insurance Company in the Circuit Court of the First Circuit

for the State of Hawaii. (Notice of Removal Ex. A, ECF No. 1.)[1]

On July 22, 2013, Defendant timely removed the action to the Federal District Court for the District of Hawaii. (ECF No. 1.)  On July 29, 2013, Defendant filed an Answer. (ECF No. 5.)

On November 20, 2013, Defendant filed a Motion for Judgment on the Pleadings. (ECF No. 23.)

On December 13, 2013, Plaintiff filed an Opposition. (ECF No. 29.)

On December 27, 2013, Defendant filed a Reply. (ECF No. 33.)

On February 5, 2013, a hearing on the Motion for Judgment on the Pleadings was held. The Court ordered the Parties to meet and confer in order to frame a question for submission to the Hawaii Supreme Court regarding whether an excess liability insurer may bring a cause of action, under the doctrine of equitable subrogation to the rights of the insured, against a primary liability insurer for failure to settle a claim against the mutual insured within the limits of the primary

---

[1] The citations refer to the CM/ECF docket for the District Court for the District of Hawaii in Civil No. 13-00361 HG-BMK.

liability policy. (ECF No. 38.) The Parties were unable to agree upon the question for submission.

On March 14, 2014, each Party filed a Proposed Question to be certified to the Hawaii Supreme Court. (ECF Nos. 42 and 43.)

## BACKGROUND

Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") and Defendant Liberty Mutual Insurance Company ("Liberty Mutual") both issued insurance policies to Pleasant Travel Service, Inc. dba Royal Kona Resort and Hawaiian Hotels and Resorts ("Pleasant Travel"). The Insurance Policies were in effect from January 1, 2010 through January 1, 2011. (Compl. at ¶¶ 4-6, attached as Ex. A to ECF No. 1.)

In July 2010, during the time that both the Liberty Mutual General Liability Policy and the St. Paul Commercial Umbrella Policy were in effect, Pleasant Travel was sued in

Hawaii State Court.[2] Liberty Mutual took control of the defense and appointed counsel to represent Pleasant Travel. (Compl. at ¶¶ 10, 12.)

Plaintiff St. Paul alleges that Defendant Liberty Mutual rejected multiple opportunities to settle the action within the $1 million limit of the Liberty Mutual Policy. (Compl. at ¶¶ 7, 13-14.)

The litigation proceeded to trial, resulting in a finding of liability against Pleasant Travel and verdict of $4.1 million. (Compl. at ¶ 15.) Plaintiff St. Paul claims that, in 2012, after the verdict, the action was settled for a confidential amount in excess of the Liberty Mutual Policy limit. Plaintiff St. Paul claims that it paid the amount of the settlement in excess of the Liberty Mutual Policy Limit. (Compl. at ¶¶ 16-17.)

Plaintiff St. Paul alleges that Defendant Liberty Mutual acted unreasonably in rejecting settlement offers within its policy limit. Plaintiff St. Paul alleges claims, pursuant to the doctrine of equitable subrogation, for (1) breach of contract and (2) tortious breach of the implied covenant of

---

[2] The action, which sought damages resulting from an accidental death, was brought in the Circuit Court of the Third Circuit of the State of Hawaii. <u>Estate of Karen Celaya, et al v. Pleasant Travel Service dba Royal Kona Resort and Hawaiian Hotels and Resorts, et al.</u>, Case No. 10-01-265K.

good faith and fair dealing. (Compl. at ¶¶ 18-27.) Plaintiff St. Paul seeks compensatory damages for the amount of the settlement payment, interest, fees, and costs incurred to resolve the action against Pleasant Travel. (Compl. at pg. 6.)

Defendant Liberty Mutual moved for judgment on the pleadings. (ECF No. 23.)

## ANALYSIS

Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul"), an excess insurer, brings suit against Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), a primary insurer, for claims arising from Defendant's alleged bad faith in failing to settle an action against the mutual insured within the limits of the primary insurance policy.

The Parties dispute whether Hawaii law recognizes such a claim.

It is Defendant's position that Hawaii law does not recognize an excess insurer's right to equitable subrogation of an insured's bad faith claims against its primary insurer. Defendant also claims that an excess insurer has no right to equitable subrogation, where a primary insurer has exhausted its indemnity limit in payment of an underlying claim; or where the mutual insured was not exposed to liability beyond

the limits of the excess insurance policy. (Motion for Judgment on the Pleadings at pgs. 8-10, ECF No. 23.)

The Hawaii Supreme Court first recognized a bad faith cause of action in the first-party insurance context in <u>Best Place, Inc. v. Penn America Ins. Co.</u>, 920 P.2d 334 (Haw. 1996). The Supreme Court held that "there is a legal duty, implied in a first- and third-party insurance contract, that the insurer must act in good faith in dealing with its insured, and a breach of that duty of good faith gives rise to an independent tort cause of action." <u>Best Place</u>, 920 P.2d at 346. An insurer's duty to act in good faith in dealing with its insured and handling a claim is independent of the insurer's contractual duty to pay claims. <u>Id.</u>; <u>Miller v. Hartford Life Ins. Co.</u>, 266 P.3d 418, 427 (Haw. 2011); <u>Enoka v. AIG Hawaii Insurance Co., Inc.</u>, 128 P.3d 850, 865 (Haw. 2006).

The Hawaii Supreme Court has also recognized an insurer's right of equitable subrogation based on the rights of its insured against a tortfeasor. An insurer may step into the shoes of its insured, pursuant to the doctrine of equitable subrogation, when the insurer pays a debt for which another is primarily answerable. <u>State Farm Fire and Cas. Co. v. Pacific Rent-All, Inc.</u>, 978 P.2d 753, 767-71 (Haw. 1999). In <u>Alamida</u>

v. Wilson, 495 P.2d 585, the Hawaii Supreme Court described the flexibility of the equitable subrogation doctrine as:

> . . . broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter; but it is not to be applied in favor of one who has officiously, and as a mere volunteer, paid the debt of another, for which neither he nor his property was under any obligation to pay; and it is not allowed where it works any injustice to the rights of others.

Id. at 589.

A number of jurisdictions have recognized that an excess insurer may sue a primary insurer for bad faith failure to settle, based on a theory of equitable subrogation. See e.g., New Appleman Insurance Law Practice Guide § 29A.18[3]; National Sur. Corp. v. Hartford Cas. Ins. Co., 493 F.3d 752 (6th Cir. 2007)(Kentucky law); Scottsdale Ins. Co. V. Addison Ins. Co., 2013 WL 5458918 (Mo.Ct.App. 2013)(Missouri law).

A smaller number of jurisdictions, however, have declined to recognize a cause of action by excess insurers against primary insurers, based on a theory of equitable subrogation or any other theory. See e.g. New Appleman on Insurance Law Practice Guide § 29A18[5]; Federal Ins. Co. v. Travelers Cas. & Ins. Co., 843 So.2d at 140, 145 (Ala. 2002)(Alabama law).

Hawaii courts have not addressed whether an excess insurer may be equitably subrogated to an insured's claim for

bad faith failure to settle within the primary insurance policy limits, when the primary insurer has exhausted its liability limit in settlement of the claims against the insured.

The Court believes it is prudent for the Hawaii Supreme Court to address the unresolved issue, as it is one of first impression. See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974) (noting that the use of certification rests in the sound discretion of the federal court); Smith v. Cutter Biological, Inc., 911 F.2d 374, 375 (9th Cir.1990)("We do not think it is appropriate to substitute our judgment on the interpretation of a Hawaii statute for the judgment of the Hawaii Supreme Court.").

Hawaii Rule of Appellate Procedure 13 explicitly contemplates certification under circumstances such as this where there is "a question concerning the law of Hawaii that is determinative of the cause and that there is no clear controlling precedent in the Hawaii judicial decisions." Haw. R. App. P. 13(a). Accordingly, the Court certifies the following question to the Hawaii Supreme Court, pursuant to its discretionary authority under Hawaii Rule of Appellate Procedure 13:

> May an excess liability insurer bring a cause of
> action, under the doctrine of equitable subrogation

> to the rights of the insured, against a primary liability insurer for failure to settle a claim against the mutual insured within the limits of the primary liability policy, when the primary insurer has paid its policy limit toward settlement?

The District Court's phrasing of the question is not intended to restrict the Hawaii Supreme Court's consideration of the problems and issues involved. The Hawaii Supreme Court is free to reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties. Allstate Ins. Co. v. Alamo Rent-A-Car, Inc., 137 F.3d 634, 637 (9th Cir. 1998). If the Hawaii Supreme Court declines to accept certification, this Court will resolve the issues according to its understanding of Hawaii law. Id.

//

//

//

//

//

//

//

//

**CONCLUSION**

The Court certifies the following question to the Hawaii Supreme Court:

> May an excess liability insurer bring a cause of action, under the doctrine of equitable subrogation to the rights of the insured, against a primary liability insurer for failure to settle a claim against the mutual insured within the limits of the primary liability policy, when the primary insurer has paid its policy limit toward settlement?

IT IS SO ORDERED.

Dated:   March 31, 2014, Honolulu, Hawaii.



　　　　　　　　　　　　　　/s/ Helen Gillmor

　　　　　　　　　　　　　　Helen Gillmor
　　　　　　　　　　　　　　United States District Judge

St. Paul Fire and Marine Insurance Company v. Liberty Mutual Insurance Company; Civil No. 13-00361 HG-BMK; **CERTIFIED QUESTION TO THE HAWAII SUPREME COURT FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII IN CIVIL NO. 13-00361 HG-BMK**